REUBEN BURNETT, Admr. *vs.* GEORGE PAINE.

*Divorce.    Alimony—adjustment of, by the parties, permitted.*

Notes of hand given by a libellee to a libellant, during the pendency of pro-
ceedings for divorce, in settlement of the claim for alimony, deposited
before, to be delivered after a decree of divorce, should one be granted, are
valid, if there be no collusion to procure the divorce.

ON EXCEPTIONS.

ASSUMPSIT on five notes dated January 17, 1871, given by the
defendant to Margaret Paine, formerly his wife, the plaintiff's in-
testate.    In November, 1870, she libelled her husband for divorce
on the ground of cruelty and entered her libel at the January term,
1871, of this court for this county.    Upon the twelfth day of the
return term, which was January 21, 1871, the defendant was de-
faulted and the decree of divorce granted as prayed for in the libel.
These notes were executed on the day of their date, at the office of
the libellants' attorney ; at the same time and place, and as part of
the same transaction, she joined her husband in a deed of his real
estate to a third person, in order to release her dower ; the deed
and notes were all left in the hands of her attorney, only to be
delivered in case a divorce was obtained ; otherwise, both to be
cancelled.    The attorney testified : "I understood this arrange-
ment to be in contemplation of a divorce, and that the defendant
was not to appear in court to oppose such decree. The deed and
notes were given to settle property questions.    I do not know that
the notes were given in consideration that he should not appear to
defend, though I understood he was not to appear."

After the decree was entered the notes were delivered to the
payee and the deed to the grantee, who immediately re-conveyed
to the defendant in accordance with the original agreement of the
parties.

The presiding judge ruled that, upon this evidence, the plaintiff
was entitled to judgment, and the defendant excepted.

Burnett *v.* Paine.

*T. W. Vose*, for the defendant.

R. S., c. 60, § 18, says where there is collusion no divorce shall be granted. Section 7 of that chapter provides for the wife divorced for her husband's fault. Would the defendant voluntarily have allowed the deceased more than she could have obtained under § 7, except for the purpose of inducing her to procure a divorce? Would she voluntarily have taken less, if she did not fear his opposition? If she was to have neither more nor less, nothing was gained by the arrangement, and it was objectless, unless made to induce consent to a groundless divorce.

*J. F. Godfrey*, for the plaintiff.

PETERS, J. It does not appear that the notes in suit were given to the plaintiff's intestate as a consideration for her procuring a divorce from the defendant, nor that her deed was given to him to induce him not to defend against her libel. The case seems to amount to this. The libellant having a cause of divorce, the libellee desired to defend against it only so far as the claim for alimony was concerned. That claim was adjusted by the parties upon terms to be carried into effect provided a divorce was decreed. We can see no impropriety in their doing so. The same thing is often done under the eye of the court. Such questions may well be left for settlement with the parties interested, where they can agree. Of course, the court may exercise a supervision of such adjustments, so far as to see that no wrong is perpetrated, whenever there seems to be a necessity for its interposition.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.